

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IBRAHIM K. ALBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:01CV110 CDP |
| | ) | |
| THE PREMCOR REFINING GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER SETTING RULE 16 CONFERENCE

**ATTORNEYS PLEASE NOTE:**

**The Court expects you to read and comply with this order in full. When you appear at the Rule 16 conference the Court will expect you to know your case and be prepared to discuss all items in this order and in your joint scheduling plan. You should be prepared to discuss the facts of your case, the range of damages, your client's settlement posture, what discovery has already been done and what needs to be done, what kind of expert witnesses will be used, whether summary judgment or other dispositive motions are likely, and any unusual evidentiary, factual, or legal issues that are likely to arise. If trial counsel chooses to send a substitute, that substitute must be fully prepared for the conference.**

**IT IS HEREBY ORDERED** that,

1. **Scheduling Conference:** A Scheduling Conference pursuant to Rule 16, Fed.R.Civ.P., is set for **May 25, 2001**, at **10:30 a.m. in the chambers of the undersigned**. Any counsel may participate in the conference by telephone, if counsel notifies the office of the undersigned of his or her intent to do so at least

twenty-four (24) hours in advance of the scheduled conference.  At the scheduling conference counsel will be expected to discuss in detail all matters covered by Rule 16, Fed.R.Civ.P., as well as all matters set forth in their joint proposed scheduling plan described in paragraph 3, and a firm and realistic trial setting will be established at or shortly after the conference.

2. **Meeting of Counsel:**  Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet to discuss the following:  the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and other topics listed below or in Rule 16 and Rule 26(f), Fed.R.Civ.P.  Counsel will be asked to report orally on the matters discussed at this meeting when they appear before the undersigned for the scheduling conference, and will specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any offers or demands; and, suitability for Alternative Dispute Resolution.  This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only one proposed scheduling plan may be submitted in any case, and it must be signed by counsel for all parties.  It will be the responsibility of counsel

- 2 -

for the plaintiff to actually submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3. **Joint Proposed Scheduling Plan:**  No later than **May 18, 2001**, counsel shall file with the Clerk of the Court (and provide a courtesy copy to the chambers of the undersigned) a joint proposed scheduling plan.  **All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

| Track 1: Expedited | Track 2: Standard | Track 3: Complex |
|---|---|---|
| *Disposition w/i 12 mos of filing | *Disposition w/i 18 mos of filing | *Disposition w/i 24 mos of filing |
| *120 days for discovery | *180-240 days from R16 Conf. for discovery/dispositive motions | *240-360 days from R16 Conf for discovery/dispositive motions |

**The parties' joint proposed scheduling plan shall include:**

(a)  whether the Track Assignment is appropriate; **NOTE:  This case has been assigned to Track  2:  ( Standard ).**

(b)  dates for joinder of additional parties or amendment of pleadings;

(c)  a discovery plan including:

(i) a date or dates by which the parties will disclose information and exchange documents pursuant to Rule 26(a)(1), Fed.R.Civ.P.,

(ii) whether discovery should be conducted in phases or limited to certain issues,

(iii) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

(iv) whether the presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P. should apply in this case, and if not, the reasons for the variance from the rules,

(v) whether any physical or mental examinations of parties will be requested pursuant to Rule 35, Fed.R.Civ.P., and if so, by what date that request will be made and the date the examination will be completed,

(vi) a date by which all discovery will be completed **(see applicable track range, Section 3. above)**;

(vii) any other matters pertinent to the completion of discovery in this case,

(d)    the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(e)    dates for filing any notice of motion pursuant to E.D.Mo. L.R. 4.05 as to any motions to dismiss or motions for summary judgment as well as dates for the filing of any completed motion packages **(see applicable track range, Section 3. above)**;

(f)    the earliest date by which this case should reasonably be expected to be ready for trial **(see applicable track range, Section 3. above)**;

(g)    an estimate of the length of time expected to try the case to verdict; and

(h)    any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

4.  **Disclosure of Corporation Interests:** All non-governmental corporate parties are reminded to comply with Disclosure of Corporate Interests by filing a Certificate of Interest with the Court pursuant to E.D.Mo. L.R. 2.09.

5.  **Pro Se Parties:**  If any party appears in this action pro se, such party shall meet with all other parties or counsel, participate in the preparation and filing

of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this order.

Dated this 6th day of <u>April</u>, 2001.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT  EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 04/06/01 by tcorley
                4:01cv110     Albert vs Premcor Refining

42:2000e  Job Discrimination (Employment)

Ellen Bonacorsi -  2667          Fax: 314-259-2020
Michael Franklin -  102465       Fax: 314-259-2020
Kathryn Render -  10455          Fax: 314-647-1911

SCANNED & FAXED BY:

APR - 6 2001

DJO